# EXHIBIT B-1

FILED
TARRANT COUNTY
8/19/2021 4:05 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 236-327653-21

| | | |
|---|---|---|
| JOSE and MARIA SALES, and <br> ALLSTATE TEXAS LLOYDS, as subrogee of <br> JOSE and MARIA SALES <br> <br> Plaintiffs, <br> <br> vs. <br> <br> HP, INC. <br> <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | IN THE DISTRICT COURT OF <br> <br> <br> <br> <br> <br> TARRANT COUNTY, TEXAS <br> <br> <br> <br> ___ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

COME NOW, JOSE and MARIA SALES, and ALLSTATE TEXAS LLOYDS, as subrogee of JOSE and MARIA SALES ("Plaintiffs"), complaining of HP, INC. (Defendant") and for their causes of action would respectfully show the Court the following:

## DISCOVERY CONTROL PLAN

1. Plaintiffs request that the Court enter a Level 3 Discovery Control Plan pursuant to Texas Rules of Civil Procedure 190.4.

## THE PARTIES

2. Plaintiffs Jose and Maria Sales (the "Sales") are individuals residing in the State of Texas, and at all times material hereto owned the home located at 1019 Shenandoah Drive, Arlington, Texas (the "Home").

3. Plaintiff Allstate Texas Lloyds ("Allstate") is an insurance company licensed to do business in the State of Texas. At all times material hereto, Allstate issued to and had in full force and effect an homeowners policy of insurance that covered the Sales' Home (the "Policy").

4. Defendant HP, Inc. ("HP") is a foreign corporation duly formed and existing under the laws of the State of Delaware. HP does business in the State of Texas. HP may be served with

process by serving its registered agent on file with the Texas Secretary of State:

**CT CORPORATION SYSTEM**
1999 Bryan St., Suite 900
Dallas, Texas 75201-3136

Service is requested at this time.

## JURISDICTION AND VENUE

5.   The Court has jurisdiction over Defendant because it has purposefully availed itself of the privileges and benefits of conducting business in the State of Texas by repeatedly distributing its products in the State of Texas.

6.   All or a substantial part of the events giving rise to this lawsuit occurred in Tarrant County, Texas. Accordingly, venue is proper in Tarrant County, Texas under Tex. Civ. Prac. & Rem. Code §15.002(a) (1).

7.   Plaintiffs are seeking monetary relief of over $250,000 but not more than $1,000,000. Therefore, this Court has jurisdiction over the controversy, and the damages are within the Court's jurisdictional limits.

## FACTS

8.   In 2013, the Sales purchased a new HP Pavillion 15 Laptop ("Laptop/Battery"). The Laptop/Battery was used regularly for approximately four years and then not used for the next two years.

9.   On the evening September 15, 2019, the Laptop/Battery was being used for approximately two hours by the Mrs. Sales while folding clothes on a bed in a room that was used by her son & daughter-in-law. The power adaptor was plugged in while she was using it. At about 1:00 a.m. Mrs. Sales went to sleep in the next room with her grandchildren, leaving the Laptop/Battery on the bed.

10.   Just before 6:00 a.m. the following morning, the Sales heard popping sounds and

then something crashing. The Sales investigated and saw sparks and fire on the bed at the Laptop/Battery, and called 911. Firefighters arrived and put out the fire

11. At all times material hereto, Defendant was engaged in the business of designing, manufacturing, assembling, distributing, selling or otherwise placing into the stream of commerce HP laptop computers like the subject Laptop/Battery. Defendant manufactured the computer, battery and the power cord with power adapter that caused the fire that destroyed the Sales' Home and possessions.

12. As a direct and proximate result of the acts and omissions of Defendant, the Sales suffered extensive damages to their Home and personal property.

13. At all times material hereto, Allstate provided property insurance coverage to the Sales, which included coverage for catastrophic loss due to fire. As a result of the fire, the Sales made a claim to Allstate under their Policy. Pursuant to the terms and conditions of the Policy, Allstate paid for real and personal property damage that were a result of the fire. Therefore, Allstate is legally and equitably subrogated to the rights of the Sales to the extent of its payments.

## CAUSES OF ACTION

### *(STRICT LIABILITY)*

14. Plaintiffs replead, restate and reallege the previous paragraphs above as if set forth fully herein and would further show the Court the following:

15. Defendant designed, manufactured, assembled, distributed, sold, supplied, delivered, and/or placed into the stream of commerce the Laptop/Battery that was intended by Defendant to be used by consumers such as the Sales.

16. At the time Defendant placed the Laptop/Battery into the stream of commerce, the Laptop/Battery was unreasonably dangerous and unsafe for its intended use by reason of a design and/or manufacturing defect that allowed the system to overheat and arc, thereby causing a fire.

17. The fire loss and the resulting damages to the Sales' Home was caused by the actions or inactions of Defendant in designing, manufacturing, assembling, selling and/or distributing a defective Laptop/Battery that constitutes a defective product and that Defendant knew, or should have known, subjected the Sales' Home to an unreasonable risk of harm.

18. The Laptop/Battery had been used in a manner for which it was designed, intended, engineered, manufactured, assembled, and/or sold.

19. The Laptop/Battery was in the same or similar condition at the time of the fire loss as when it left the custody and control of the Defendant.

20. The fire loss would not have occurred if the Laptop/Battery had been properly designed and/or manufactured.

21. Defendant are liable to Plaintiffs pursuant to Chapter 82 of the Texas Civil Practice and Remedies Code.

22. Each of the above-referenced acts and omissions, singularly or in combination with others, constituted a breach of Defendant's duties to manufacture and/or distribute a product that is reasonably safe for its intended uses and proximately caused the damages suffered by the Sales and Allstate that are in excess of the minimum jurisdictional limits of this Court.

### *(NEGLIGENCE)*

23. Plaintiffs replead, restate and reallege the previous paragraphs above as if set forth fully herein and would further show the Court the following:

24. Defendant owed a duty to the Sales to exercise reasonably prudent and ordinary care in the design, specification, manufacture and/or distribution of the Laptop/Battery, power cord and power adaptor. The Defendant violated this duty by negligently designing, manufacturing and/or distributing the Laptop/Battery and by failing to act as a reasonably prudent manufacturer would have under the same or similar circumstances. Defendant's negligent acts or omissions include, but

are not limited to:

    a.    Failing to manufacture and/or design the Laptop/Battery in a safe manner and that did not have a defect;

    b.    Selling and/or distributing a defective Laptop/Battery that subjected the Sales' property to an unreasonable risk of harm;

    c.    Failing to warn of the defective condition of the Laptop/Battery that Defendant knew or should have known created an unreasonable risk of harm to the Sales' property;

    d.    Failing to act as a reasonably prudent manufacturer would have under the same or similar circumstances; and

    e.    Otherwise failing to use due care under the circumstances.

25.    Each of the above-referenced acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the damages suffered by Plaintiffs that are in excess of the minimum jurisdictional limits of this Court.

## DAMAGES

26.    As a direct, proximate, and consequential result of the Defendant's negligence and/or conduct as described herein, Allstate paid a total of $237,234.65 and the Sales sustained uninsured damages in the amount of $24,289.54 and pre and post-judgment interest.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiffs and against the Defendant, which is far in excess of the minimum jurisdictional limits of this Court, for compensatory and/or economic damages, including, but not limited to, damages for real and personal property and additional living expenses, costs of court, and pre- and post-judgment interest at the highest rate allowed by law, and for such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

*William D. Mahoney*

_____
William D. Mahoney
Texas Bar No: 00796982
**BOTELER, MAHONEY & GRAY, LLP**
4201 Wingren Drive, Suite 208
Irving, Texas 75062
Telephone: 972-719-9191
Facsimile: 206-666-6447
wmahoney@bmg-law.com
**ATTORNEY FOR PLAINTIFFS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

William Mahoney on behalf of William Mahoney
Bar No. 00796982
wmahoney@bmg-law.com
Envelope ID: 56480603
Status as of 8/19/2021 4:09 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Susan Gates | | sgates@bmg-law.com | 8/19/2021 4:05:02 PM | SENT |
| William D.Mahoney | | wmahoney@bmg-law.com | 8/19/2021 4:05:02 PM | SENT |